1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   ROGELIO CARPIO,

11               Petitioner,

12         v.

13   UNITED STATES OF AMERICA,

14               Respondent.

CASE NO. C16-0647JLR

ORDER GRANTING PETITION

15                    **I.   INTRODUCTION**

16         Before the court is Petitioner Rogelio Carpio's petition under 28 U.S.C. § 2255 to

17   vacate, set aside, or correct his 70-month prison sentence in the wake of the Supreme

18   Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  (Pet.

19   (Dkt. # 1).)  The court has considered Mr. Carpio's petition, the United States of

20   America's ("the Government") answer to Mr. Carpio's petition (Answer (Dkt. # 10)), Mr.

21   Carpio's reply in support of his petition (Reply (Dkt. # 12)), the relevant portions of the

22   //

ORDER- 1

record, and the applicable law.  Considering itself fully advised,[1] the court GRANTS Mr.

Carpio's Section 2255 habeas petition and DIRECTS the Clerk to schedule a

resentencing for Mr. Carpio as set forth below.

## II.   BACKGROUND

### A.   Legal Background

In *Johnson*, the Supreme Court concluded that the Armed Career Criminal Act's

("ACCA") residual clause, which defines a "violent felony" to include any felony that

"involves conduct that presents a serious potential risk of physical injury to another," 18

U.S.C. § 924(e)(2)(B), is unconstitutionally vague.[2]  135 S. Ct. at 2557.  The Supreme

Court held that "the indeterminacy of the wide-ranging inquiry required by the residual

clause both denies fair notice and invites arbitrary enforcement by judges," *id.*, and

"[i]ncreasing a defendant's sentence under the clause denies due process of law," *id.* at

2563.  The Supreme Court subsequently announced that the rule in *Johnson* was "a new

substantive rule that has retroactive effect in cases on collateral review."  *Welch*, 136 S.

Ct. at 1268.

Under the United States Sentencing Guidelines ("the Guidelines"), a defendant's

base offense level is enhanced if the defendant has "at least two felony convictions of

either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(2).  At

---

[1] Neither party requested oral argument, and the court determines that oral argument would not be helpful here.  *See* Local Rules W.D. Wash. LCR 7(d).

[2] "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'"  *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1262 (2016) (quoting *Johnson*, 135 S. Ct. at 2556).

the time of Mr. Carpio's sentencing, the Guidelines defined a "crime of violence" as "any offense under federal, state, or local law punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person or another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[3]  U.S.S.G. § 4B1.2(a).  The "crime of violence" definition was comprised of three parts:  (1) the elements clause, (2) the enumerated offenses clause, and (3) the residual clause.  *See United States v. Ladwig*, --- F. Supp. 3d ---, 2016 WL 3619640, at *2 (E.D. Wash. June 28, 2016) (describing identical language in the ACCA as the elements clause, the enumerated offenses clause, and the residual clause).

The Guidelines' former residual clause is at issue in Mr. Carpio's petition.  (*See generally* Pet.)  The residual clause allowed a court to enhance a person's sentence if the person has at least two prior convictions for a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).  The Guidelines' residual clause was identical to the ACCA's

//

//

---

[3] The Sentencing Commission has adopted an amendment to the definition of "crime of violence" in the Guidelines, effective August 1, 2016, which deletes the residual clause in § 4B1.2(a)(2).  *See United States v. Grant*, No. 09-CR-01035-PJH-1, 2016 WL 3648639, at *1 (N.D. Cal. July 8, 2016); UNITED STATES SENTENCING COMM'N, *Supplement to the 2015 Guidelines Manual* § 4B1.2(a)(2) (Aug. 2016).  Unless otherwise stated, all references herein to U.S.S.G. § 4B1.1 and its subsections are to the former U.S.S.G. § 4B1.2 (Nov. 2015).

1   unconstitutional residual clause.[4]  *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S.S.G.

2   § 4B1.2(a)(2); *see Johnson*, 135 S. Ct. at 2557.

3   **B.    Factual Background**

4          On February 8, 2012, Mr. Carpio pled guilty to one count of felon in possession of

5   a firearm, in violation of 18 U.S.C. § 922(g)(1).  *United States v. Carpio*, No.

6   CR11-0405MJP, Dkt. ## 17 (Change of Plea Hearing), 19 (Plea Agreement).  Mr.

7   Carpio, the Government, and the United States Probation Office ("Probation") agreed

8   that Mr. Carpio had two prior crimes of violence under the Guidelines.  *Id.* Dkt. ## 19

9   (Plea Agreement), 22 (Gov't Sentencing Memo.), 23 (Carpio Sentencing Memo.).

10  Accordingly, all of the parties agreed that Mr. Carpio's total offense level was 25 and

11  corresponded to a Guidelines range of 70 to 87 months.  *Id.* Dkt. ## 19 (Plea Agreement),

12  22 (Gov't Sentencing Memo.).  On May 4, 2012, the court sentenced Mr. Carpio to 70

13  _____

14         [4] The Supreme Court has granted *certiorari* in *Beckles v. United States*, No. 15-8544, regarding the application of *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2).  *See United States v. Trujillo*, No. CR 10-00605 WHA, 2016 WL 3844325, at *1 (N.D. Cal. July 15, 2016) (citing *Beckles*, No. 15-8544).  Specifically, the Supreme Court has granted *certiorari* to determine, in pertinent part, (1) whether *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review, and (2) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).  *See id.*  The Supreme Court also granted *certiorari* in *Beckles* to determine whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.  *Id.*
           The court finds that there is no good reason to delay ruling on Mr. Carpio's petition, even in light of *Beckles*.  In the context of habeas proceedings, there are "special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy."  *Yong v. Immigration & Naturalization Serv.*, 208 F.3d 1116, 1120 (9th Cir. 2000).  "[A]lthough considerations of judicial economy are appropriate, they cannot justify [an] indefinite, and potentially lengthy, stay," particularly where the habeas petitioner would suffer "substantial prejudice" from the delay.  *Id.* at 1120-21.  Here, Mr. Carpio would suffer substantial prejudice from any delay because he contends that he has served a sentence longer than what is constitutionally permissible.  (*See* Pet. at 2.)

1    months' imprisonment.  (Pet. at 32 (Sentencing Tr. at 14:8-13).)  The court adopted the

2    finding in the presentence report that Mr. Carpio's prior convictions for Washington

3    second-degree robbery and California Rape by Drugs were "crimes of violence" under

4    the Guidelines.  (*Id.* at 32 (Sentencing Tr. at 14:4-7).)  The court made no finding on the

5    record, however, as to which part of the Guidelines' definition of crime of violence the

6    court relied on in imposing Mr. Carpio's sentence.  (*See id.* at 19-40 (Sentencing Tr.).)

7    The plea agreement stated that Mr. Carpio waived his right to directly appeal and

8    collaterally attack his sentence.  (Answer at 6.)

9         On May 5, 2016, Mr. Carpio filed a petition under 28 U.S.C. § 2255 to vacate, set

10   aside, or correct this sentence.  (*See* Pet.)  He contends that the residual clause in the

11   Guidelines suffers the same constitutional flaw as the identically worded clause at issue

12   in *Johnson* and is likewise void for vagueness.  (Pet. at 4.)  Mr. Carpio further argues that

13   his two previous convictions, upon which his 70-month sentence is based, were "crimes

14   of violence" at the time of his sentencing only under the residual clause.  (*Id.*)

15   Accordingly, he argues that "[t]his unconstitutional conclusion subjected him to a

16   Guidelines range of 70 to 87 months, nearly four years higher than his true Guidelines

17   range of 24 to 30 months."  (*Id.* at 2.)  Mr. Carpio argues that if he had not been

18   unconstitutionally sentenced under the Guidelines' residual clause, "he would have been

19   released from prison more than a year ago."  (*Id.*)

20   //

21   //

22   //

ORDER- 5

1                              **III.   ANALYSIS**

2   **A.   Legal Standard**

3         A prisoner in federal custody may collaterally challenge his sentence under 28

4   U.S.C. § 2255 on "the ground that the sentence was imposed in violation of the

5   Constitution or laws of the United States, or that the court was without jurisdiction to

6   impose such sentence, or that the sentence was in excess of the maximum authorized by

7   law . . . ." 28 U.S.C. § 2255(a). A prisoner seeking such relief must generally bring his

8   Section 2255 petition within one year of "the date on which the judgment of conviction

9   becomes final." 28 U.S.C. § 2255(f)(1). However, a prisoner may also seek habeas relief

10   within one year of "the date on which the right asserted was initially recognized by the

11   Supreme Court, if that right has been newly recognized by the Supreme Court and made

12   retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To

13   determine whether the court imposed an unconstitutional sentence pursuant to the

14   residual clause in the Guidelines and whether Mr. Carpio's petition is timely, the court

15   must first determine whether *Johnson* applies to the Guidelines and if it does, whether it

16   applies retroactively to cases on collateral review.

17   **B.   *Johnson* and the Guidelines**

18         The court must decide two threshold questions: (1) whether the holding in

19   *Johnson*—that the ACCA's residual clause is unconstitutionally vague—applies to the

20   identically worded residual clause in the Guidelines; and (2) if so, whether *Johnson*

21   *//*

22   *//*

applies retroactively to cases on collateral review.[5]  Judges in the Western District of

Washington have uniformly concluded that the residual clause in the Guidelines is

unconstitutionally vague under *Johnson* and that the decision applies retroactively to the

Guidelines.  *See Gilbert v. United States*, No. C15-1855JCC, 2016 WL 3443898 (W.D.

Wash. June 23, 2016); *Pressley v. United States*, --- F. Supp. 3d ---, 2016 WL 4440672

(W.D. Wash. Aug. 11, 2016); *Jennings v. United States*, No. C16-0616MJP, 2016 WL

4376778 (W.D. Wash. Aug. 17, 2016); *Dietrick v. United States*, No. C16-0705MJP,

2016 WL 4399589 (W.D. Wash. Aug. 18, 2016); *Parker v. United States*, No. C16-

0534RSM, 2016 WL 4418007 (W.D. Wash. Aug. 19, 2016); *Beyer v. United States*, No.

C16-5282BHS, 2016 WL 41611547 (W.D. Wash. Sept. 6, 2016); *Acoba v. United States*,

No. C16-0531BHS, 2016 WL 4611546 (W.D. Wash. Sept. 6, 2016); *see also Ladwig*,

2016 WL 3619640; *United States v. Dean*, 169 F. Supp. 3d 1097 (D. Or. 2016); *United*

*States v. Hoopes*, --- F. Supp. 3d ---, 2016 WL 3638114 (D. Or. July 5, 2016).  The

undersigned judge sees no reason to deviate from these well-reasoned decisions and

reaches the same conclusion.

    1.  *Johnson*'s Applicability to the Guidelines' Residual Clause

    The court agrees with Mr. Carpio that *Johnso*n's holding applies with equal force

to the identically worded residual clause in the Guidelines.  (*See* Pet. at 14-15.)  Before

the Supreme Court decided *Johnson*, the Ninth Circuit Court of Appeals had allowed

---

[5] The Ninth Circuit Court of Appeals has "decline[d] to decide whether *Johnson*'s reasoning extends to the Sentencing Guidelines . . . ."  *United States v. Lee*, 821 F.3d 1124, 1127 n.2 (9th Cir. 2016).

vagueness challenges to the Guidelines.  *See United States v. Johnson*, 130 F.3d 1352,

1354 (9th Cir. 1997).  The Ninth Circuit also makes "no distinction between the terms

'violent felony' [in the ACCA] and 'crime of violence [in the Guidelines] for purposes of

interpreting the residual clause." *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir.

2013).  The court concludes that the Ninth Circuit's identical treatment of the two

residual clauses dictates that *Johnson*'s vagueness holding applies to the Guidelines.  *See,*

*e.g.*, *Gilbert*, 2016 WL 3443898, at *1; *Pressley*, 2016 WL 4440672, at *1; *Jennings*,

2016 WL 4376778, at *1; *Parker*, 2016 WL 4418007, at *2.  In addition, the Government

"agrees that *Johnson*['s] vagueness holding applies to the Career Offender Guideline[s']

residual clause." (Answer at 10, 14.)  For all of these reasons, the court concludes that

the Guidelines' residual clause is unconstitutionally vague.[6]

### 2. Retroactivity of *Johnson* as to the Guidelines

For Mr. Carpio to benefit from *Johnson*, however, the rule must apply

retroactively to cases on collateral review.  The Government argues that *Johnson* does not

apply retroactively to petitioners challenging an advisory Guidelines calculation, even

though the Supreme Court held that *Johnson* applied retroactively to collateral attacks on

sentences imposed under the ACCA's residual clause.  (*Id.* at 15); *see also Welch*, 136 S.

Ct. at 1262.  Specifically, the Government contends that *Johnson*'s holding as applied to

---

[6] Some courts have suggested that because *Beckles* is pending before the Supreme Court,
petitioners seeking a resentencing under the Guidelines do not yet have a ripe claim.  *See, e.g.*,
*United States v. Dunlap*, No. CR 10-00400 WHA, 2016 WL 3844324, at *2 (N.D. Cal. July 15,
2016).  The Government also makes this argument in its answer.  (Answer at 21-23.)  However,
"to apply *Johnson* to this case, this [c]ourt need only recognize that *Johnson* created a new
substantive rule that invalidates the Guidelines residual clause.  No additional new rule need be
recognized." *Gilbert*, 2016 WL 3443898, at *6.  Accordingly, Mr. Carpio's claim is ripe.

1    the Guidelines is a new procedural rule, not a new substantive rule.  (Answer at 4.)  Mr.

2    Carpio counters that "[t]he fact that *Welch* arose in the context of the ACCA is of no

3    effect [because] [t]he Court did not limit its holding to ACCA cases."  (Pet. at 15.)  Mr.

4    Carpio argues that the same rationale that led the *Welch* Court to hold that *Johnson*

5    applies retroactively to the ACCA should lead this court to hold that *Johnson* applies

6    retroactively to the Guidelines.  (*Id.*)

7         *Teague v. Lane*, 489 U.S. 288 (1989) provides the framework for assessing

8    whether a new rule is retroactive in cases on federal collateral review.[7]  *See Montgomery*

9    *v. Louisiana*, --- U.S. ---, 136 S. Ct. 718, 728 (2016).  *Teague* bars new procedural rules

10   from applying retroactively.  *Id.*  Accordingly, "[t]he threshold questions for *Teague*

11   application are whether the articulated rule is (1) a new constitutional rule and (2)

12   procedural or substantive."  *Reina-Rodriguez*, 655 F.3d at 1188.  Under *Teague*, "a case

13   announces a new rule if the result was not *dictated* by precedent existing at the time the

14   defendant's conviction became final."  489 U.S. at 301.  The second inquiry

15   "depends . . . on whether the new rule itself has a procedural function or a substantive

16   function—that is, whether it alters only the procedures used to obtain the conviction, or

17   alters instead the range of conduct or class of persons that the law punishes."  *Welch*, 136

18   S. Ct. at 1266.  Substantive rules "include[] . . . constitutional determinations that place

19

20        [7] The Ninth Circuit Court of Appeals has "squarely held that *Teague* applie[s] to federal
21   prisoner petitioners," although it has also noted that there is some question as to whether that is
     accurate, given *Teague*'s concern with the finality of state convictions.  *Reina-Rodriguez v.*
22   *United States*, 655 F.3d 1182, 1190 (9th Cir. 2011).  For purposes of this petition, however, the
     court adheres to this Ninth Circuit precedent applying *Teague* to federal prisoner petitioners.

particular conduct or persons covered by the statute beyond the State's power to punish."
*Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353).  On the other hand, procedural rules "'are
designed to enhance the accuracy of a conviction or sentence by regulating the manner of
determining the defendant's culpability." *Montgomery*, 136 S. Ct. at 730 (quoting
*Schriro v. Summerling*, 542 U.S. 348, 353 (2004) (emphasis omitted)).  Generally,
substantive rules and "new watershed rules of criminal procedure" are retroactive.  *Id.* at
1264 (citing *Schriro*, 542 U.S. at 351 (2004)).

      The *Welch* court held that the new rule announced in *Johnson*—that the ACCA's
residual clause is unconstitutional—applies retroactively because it is a substantive rule
that "alters the range of conduct or the class of persons that the law punishes."  136 S. Ct.
at 1265.   The *Welch* court determined that *Johnson* was not a procedural rule because
"*Johnson* had nothing to do with the range of permissible methods a court might use to
determine whether a defendant should be sentenced under the Armed Career Criminal
Act." *Id.* at 1265.  The rule in *Johnson* did not, for example, allocate decisionmaking
authority between judge and jury or regulate the evidence that the court could consider in
making its decisions." *Id.*  Rather, "[b]y striking down the residual clause as void for
vagueness, *Johnson* changed the substantive reach of the [ACCA], altering 'the range of
conduct or the class of persons that the [ACCA] punishes.'" *Id.* (quoting *Schriro*, at
353).

      The Government argues that whether the new *Johnson* "rule is substantive or
procedural depends on the 'function of the rule at issue.'"  (Answer at 15 (quoting *Welch*,
136 S. Ct. at 1266).)  Because of this distinction, the Government argues that, even

though the rule is substantive as applied in the ACCA context, it is procedural as applied in the Guidelines context.  (*See id.* at 15-16.)  The Government argues that the rule is procedural in the Guidelines context because it "regulate[s] only the manner of determining the defendant's culpability.'"  *Id.* at 16 (quoting *Welch*, 136 S. Ct. at 1265).)  Although courts across the country have split on this issue, judges in this District have uniformly rejected the Government's position.  *Gilbert*, 2016 WL 3443898, at *5; *Pressley*, 2016 WL 4440672, at *2; *Dietrick*, 2016 WL 4399589, at *3; *Parker*, 2016 WL 4418007, at *6; *Beyer*, 2016 WL 41611547, at *1; *contra, e.g.*, *Richardson v. United States*, 623 F. App'x 841, 842 (8th Cir. 2015); *Frazier v. United States*, No. 1:09-CR-188-CLC-SKL-1, 2016 WL 885082, at *6 (E.D. Tenn. Mar. 8, 2016), *appeal filed* No. 16-5299 (6th Cir. Mar. 15, 2016).

Although the Guidelines are advisory, they are "the lodestone of sentencing." *Peugh v. United States*, --- U.S. ---, 133 S. Ct. 2072, 2084 (2013).  District courts must consult the Guidelines, use them as a starting point, and remain cognizant of them when imposing a sentence.  *See Molina-Martinez v. United States*, --- U.S. ---, 136 S. Ct. 1338, 1342 (2016).  "[W]hen a Guidelines range moves up or down, offenders' sentences move with it."  *Peugh*, 133 S. Ct. at 2084.  Thus, the residual clause in the Guidelines alters the range of conduct or class of persons that may be punished, *see Reina-Rodriguez*, 655 F.3d at 1189 (determining that a new rule was substantive because it "altered the punishment that can be imposed on federal defendants" under the Guidelines), because "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines," *Dean*, 169 F. Supp. 3d at 1119.  Although

1    the ACCA dictates a mandatory minimum sentence, the Guidelines' residual clause

2    nevertheless subjects a prisoner "to higher advisory Guidelines ranges." *United States v.*

3    *Walker*, No. CR 12-0430 CW, 2016 WL 5921257, at *5 (N.D. Cal. Oct. 5, 2016). The

4    court is persuaded that "a rule declaring the Guidelines' Residual Clause

5    unconstitutionally vague . . . alters the class of persons subject to career offender-

6    enhanced sentences." *Parker*, 2016 WL 4418007, at *5 (internal quotations omitted); *see*

7    *also Gilbert*, 2016 WL 3443898, at *5 ("[*Johnson*] substantively changes the conduct by

8    which federal courts may enhance the sentence of a defendant under the Guidelines."

9    (internal quotations omitted)). Accordingly, the rule announced in *Johnson* is substantive

10   in the Guidelines context and applies retroactively.[8]

11          Ninth Circuit precedent further steers the court to reject the Government's

12   proposed "as-applied analysis." *Dean*, 169 F. Supp. 3d at 1118. In *Reina-Rodriguez*, the

13   Ninth Circuit Court of Appeals determined that a rule that applied retroactively in the

14   ACCA context also applied retroactively in the Guidelines context. 655 F.3d at 1189.

15   The Ninth Circuit held that the earlier-announced rule "altered the conduct that

16   substantively qualifies as burglary under the categorical approach" pursuant to the

17   Guidelines as well. *Id.* Under the rationale of *Reina-Rodriguez*, "when a new rule is

18   //

19   //

20   _____

21          [8] Mr. Carpio's petition is therefore timely because he brings the petition within one year
     of "the date on which the right asserted was initially recognized by the Supreme Court, if that

22   right has been newly recognized by the Supreme Court and made retroactively applicable to
     cases on collateral review." 28 U.S.C. § 2255(f)(3).

1    substantive as applied to the ACCA, it is also substantive as applied to the Guidelines."[9]

2    *Gilbert*, 2016 WL 3443898, at *5.  The Government "acknowledges [that its proposed

3    approach] is in tension with *Reina-Rodriguez*" (Answer at 19), and the court sees no

4    reason to create a distinction here where precedent indicates otherwise. [10]  Accordingly,

5    the court declines to find that the *Johnson* rule is procedural as applied to the Guidelines.

6    **C.    The Court's Reliance on the Residual Clause in Sentencing**

7            The court must next determine whether the sentencing court relied on the

8    Guidelines' residual clause when it imposed Mr. Carpio's sentence.  If it did not and

9    instead relied on the elements clause or the enumerated offenses clause, Mr. Carpio is not

10   entitled to the relief he seeks.  For the reasons set forth below, the court concludes that at

11   least one of Mr. Carpio's prior convictions could not have been considered a crime of

12   violence without reference to the residual clause.

13           Even though the sentencing record is silent on the issue, Mr. Carpio contends that

14   the court necessarily sentenced him under the residual clause because neither of his prior

15   convictions qualify as crimes of violence under the elements or enumerated offenses

16   _____

17        [9] The Government argues that the *Reina-Rodriguez* court did not specifically decide the
     issue of whether a substantive rule in the ACCA context is necessarily a substantive rule in the
18   Guidelines context.  (Answer at 20.)  The court nevertheless finds that the Ninth Circuit's
     analysis in holding that a rule substantive in the ACCA context was also substantive in the
     Guidelines context strongly suggests that a similar outcome is warranted here.  *See Reina-*
19   *Rodriguez*, 655 F.3d at 1189.

20        [10] The Government also acknowledges that "[i]n pre-*Johnson* . . . litigation, the
     [G]overnment took the position that new statutory rules narrowing eligibility for a sentencing
21   enhancement are substantive and retroactive to cases on collateral review regardless of whether
     the enhancement arose under [the] ACCA or the Guidelines."  (Answer at 19 n.12.)  The
22   Government contends that its "prior contrary concessions obviously do not bind this
     [c]ourt . . . [or] confer any rights upon defendants."  (*Id.*)

1    clauses.  (Pet. at 5.)  First, Mr. Carpio asserts that "California Penal Code § 261(a)(3)

2    [Rape by Drugs] lacks a force element" such that the conviction cannot fall within the

3    elements clause, and that rape is not an enumerated offense.  (*Id.* at 6.)  Mr. Carpio next

4    argues that his conviction for Washington second-degree robbery does not qualify as a

5    crime of violence except under the residual clause because it does not require violent

6    force, "it criminalizes the taking of property by fear of injury or constructive force," and

7    "it allows the force element to be met by fear of injury to property rather than a person."

8    (*Id.* at 8.)  Mr. Carpio contends that "the standard applicable to constitutional errors

9    introduced at trial or sentencing is the *Brecht v. Abrahamson*[, 507 U.S. 619 (1993),]

10   harmless-error analysis, not the preponderance of the evidence standard discussed in

11   *Simmons* [*v. Blodgett*, 110 F.3d 39 (9th Cir. 1997)], which is the standard for evidentiary

12   proceedings aimed at uncovering extrajudicial facts."  (*Id.* at 14.)

13          The Government counters that Mr. Carpio cannot show that the court "actually

14   relied on the residual clause of USSG § 4B1.2(a)(2) to find these convictions qualified as

15   crimes of violence" when the court sentenced Mr. Carpio.  (Answer at 8.)  According to

16   the Government, "[t]he burden is on the [28 U.S.C.] § 2255 movant to prove, by a

17   preponderance of the evidence, the existence of an error rendering his conviction or

18   sentence unlawful."[11]  (*Id.* at 24 (citing *Simmons*, 110 F.3d at 42).)  The Government

19

20   _____

21   [11] The Government provided the court with supplemental authority from the Seventh
     Circuit Court of Appeals as further support for the court's adoption of the burden the
     Government contends Mr. Carpio must meet.  (*See* Dkt. # 11); *Stanley v. United States*, 827 F.3d

22   562 (7th Cir. 2016.  The court determines that *Stanley* does not impact the court's analysis that
     Mr. Carpio's prior conviction for Rape by Drugs was a crime of violence only under the residual

1   contends that Mr. Carpio's prior robbery and Rape by Drugs convictions "were most

2   likely treated as . . . crime[s] of violence because the parties agreed they were, not

3   because the [c]ourt decided these convictions qualified under the Career Offender

4   Guideline[s'] residual clause." (*Id.* at 25.)  Mr. Carpio notes that at least two District

5   Courts in Washington have rejected the Government's proposed burden of proof.[12]

6   (Reply at 13); *see also Ladwig*, 2016 WL 3619640, at *2-3 (holding that "[i]n the context

7   of a potential deprivation of such a [due process] right, a showing that the sentencing

8   court might have relied on an unconstitutional alternative ought to be enough to trigger

9   inquiry into whether the sentencing court's consideration of that alternative was

10  harmless"); *Gibson*, 2016 WL 3349350, at *1-2.

11      1. <u>Prior Rape by Drugs Conviction</u>

12      The court need not decide the exact showing Mr. Carpio must make, however,

13  because the court finds that, under either standard, Mr. Carpio's prior conviction for Rape

14  by Drugs could only have qualified as a crime of violence under the unconstitutional

15  residual clause.  The Government agrees with Mr. Carpio that this crime lacks a force

16  element and is not a crime of violence under the elements clause.  (Answer at 24, n.14

17  (citing *United States v. Beltran-Munguia*, 489 F.3d 1042, 1046 (9th Cir. 2007) (holding

18  _____

19  clause. *See infra* § III.C.  In *Stanley*, the petitioner ignored that the sentencing court had found
    that one of his prior convictions was a drug conviction and that "the district court counted" one
20  of his other prior convictions "under the elements clause." *Id.* at 565.  That situation is not
    present here.

21      [12] Indeed, several courts have determined that Section 2255 petitioners need not meet the
    burden the Government proposes.  *See Ladwig*, 2016 WL 3619640, at *4-5; *Gibson*, 2016 WL
22  3349350, at *1-2; *Dietrick*, 2016 WL 4399589, at *3.

1   that a sex offense committed by "surreptitiously adding to [the] victim's drink a drug"

2   was not a crime of violence under the identically worded elements clause in U.S.S.G.

3   § 2L1.2(b)(1)(A)(ii)), 11 ("[W]hen [Mr.] Carpio was sentenced in 2012 [his] conviction

4   [for Rape by Drugs] qualified under § 4B1.2(a)'s residual clause." (citing *United States v.*

5   *Riley*, 183 F.3d 1155, 1159-61 (9th Cir. 1999)).)  The Government concedes that

6   "[b]ecause this crime does not involve any force apart from that inherent in sexual

7   intercourse . . ., it does not have as an element the use, attempted use, or threatened use of

8   physical force a[s] required by USSG § 4B1.2(a)(1)."  (Answer at 24, n.14.)

9        The Government does not appear to argue that rape is an enumerated offense

10   under the Guidelines.  (*See id.* at 6, 24-27.)   However, in asserting that Mr. Carpio's

11   prior robbery conviction qualifies as a crime of violence under the enumerated offenses

12   clause, the Government argues that a conviction can qualify "if the conviction matches

13   the generic definition of an offense listed in Application Note 1 of the Commentary to

14   this Guideline."  (*Id.* at 28.)  Application Note 1 states that the definition of "'[c]rime of

15   violence' includes . . . forcible sex offenses . . . ."  U.S.S.G. § 4B1.2, appl. n.1.  Although

16   courts have noted that it is unsettled whether offenses listed in Application Note 1

17   constitute enumerated offenses or examples of offenses that fall within the residual

18   clause, *see United States v. Bacon*, No. CR10-0025JLQ, 2016 WL 6069980, at *4 (E.D.

19   Wash. Oct. 14, 2016), the Government concedes that the Rape by Drugs offense "does

20   not involve any force apart from that inherent in sexual intercourse" (Answer at 24, n.14).

21   Accordingly, the court finds that Mr. Carpio's Rape by Drugs conviction also could not

22   //

have fallen within the enumerated offenses clause, even assuming that Application Note 1 lists enumerated offenses rather than examples of offenses within the residual clause.

Thus, even though the record is silent, in order for Mr. Carpio to have been given an enhanced sentence under the Guidelines, the court must have relied on the residual clause. Regardless of whether Mr. Carpio must show that the court sentenced him under the residual clause by a preponderance of the evidence or that any error in his sentencing was not harmless, the court concludes that Mr. Carpio has met his burden of demonstrating that his prior Rape by Drugs conviction was a crime of violence only under the residual clause.

### 2.  Prior Second-Degree Robbery Conviction

Mr. Carpio makes the same argument about his prior robbery conviction.  He states that second-degree robbery in Washington "is not an enumerated offense nor does it meet the requirement that it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  (Pet. at 6 (quoting U.S.S.G. § 924(e)(2)(B)(i)-(ii)).)  The Government counters that "implicit" in this argument "is a claim that Washington's robbery statute is indivisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013)" and overbroad under *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*").  (Answer at 2.)  The Government contends Mr. Carpio "disguise[s] these *Descamps*-based arguments" as *Johnson* claims, and his claims are therefore untimely.  (Answer at 4.)

Without deciding the issue, the court notes that there is a split of authority on whether a petitioner raising an ostensible *Johnson* claim may rely on *Descamps* or

1  *Johnson I* in arguing that his prior offenses were crimes of violence only under the

2  residual clause.  *Compare, e.g., Ladwig*, 2016 WL 3619640, at *4-5; *Gibson*, 2016 WL

3  3349350, at *1-2; *Dietrick*, 2016 WL 4399589, at *3, *with Williams v. United States*,

4  C16-0939RSM, 2016 WL 5920083 (W.D. Wash. Oct. 11, 2016).[13]  Here, because the

5  court has determined that Mr. Carpio's prior conviction for Rape by Drugs was a crime of

6  violence only under the residual clause, the court need not evaluate Mr. Carpio's robbery

7  conviction to determine whether Mr. Carpio is entitled to resentencing.  *See* U.S.S.G.

8  § 2K2.1(a)(2) (stating that a defendant's base offense level is enhanced if the defendant

9  has "at least two felony convictions of . . . a crime of violence . . . ."); U.S.S.G.

10  § 4B1.2(c)(1) ("The term 'two prior felony convictions' means . . . the defendant

11  committed the instant offense of conviction subsequent to sustaining at least two felony

12  convictions of either a crime of violence or a controlled substance offense (<u>i.e.</u>, two

13  felony convictions of a crime of violence, two felony convictions of a controlled

---

15  [13] The Government provided the court the *Williams* decision as supplemental authority

16  and argues that the decision provides support for the Government's position that the petitioner must show that the court actually relied on the residual clause in sentencing the petitioner.  (*See*

17  Dkt. # 19.)  The *Williams* court addressed the arguments that the Government makes as to Mr. Carpio's prior second-degree robbery conviction—that Mr. Carpio relies on timebarred claims

18  under *Descamps* and *Johnson I* to show that the conviction does not fall within a clause other than the residual clause.  *See Williams*, 2016 WL 5920083, at *4.  The court there "agree[d] with

19  the Government that Petitioner [could not] show that the Court actually relied on the residual clause of USSG § 4B1.2(a)(2) to find his harassment conviction qualified as a crime of violence,

20  and even if the Court did rely on that clause when evaluating his armed robbery conviction, any such mistake was harmless." *Id.*  The court finds *Williams* distinguishable as to Mr. Carpio's

21  prior conviction for Rape by Drugs, however, because the Government concedes that this conviction does not fall within the elements clause.  (*See* Answer at 24 n.14.)  That concession,

22  as well as the fact that Rape by Drugs is not an enumerated offense, demonstrates that Mr. Carpio does not rely on a rule subsequent to his sentencing but prior to *Johnson* to challenge his sentence.  His claim is not timebarred for this reason.

1    substance offense, or one felony conviction of a crime of violence and one felony

2    conviction of a controlled substance offense . . . .").  To the extent the categorization of

3    Mr. Carpio's second-degree robbery conviction impacts Mr. Carpio's resentencing, the

4    parties will have the opportunity to address the issue in the resentencing proceedings.

5         Accordingly, the Court grants Mr. Carpio's motion and determines that Mr. Carpio

6    is entitled to resentencing because the court imposed his sentence "in violation of the

7    Constitution."  28 U.S.C. § 2255(a).

8    **D.    Procedural Default and Cause**

9         Mr. Carpio did not raise his claims on direct appeal or argue at any other point that

10   the Guidelines' residual clause was unconstitutionally vague.  (*See* Pet.; Answer at 10-

11   14); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  To overcome this

12   procedural default, Mr. Carpio must demonstrate both (1) "cause" and (2) "actual

13   prejudice resulting from the errors of which he complains."  *United States v. Frady*, 456

14   U.S. 152, 168 (1982).  He may demonstrate "cause" by showing "that the procedural

15   default is due to an objective factor that is external to [him] and that cannot be fairly

16   attributed to him."  *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (internal

17   quotations omitted).  The petitioner can make this showing when "the factual or legal

18   basis for a claim was not reasonably available to counsel" at the time of direct appeal.

19   *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To demonstrate "prejudice" as to a

20   Guidelines error, the petitioner "must *at least* show that the error affected the outcome of

21   his sentencing proceeding."  *Dean*, 169 F. Supp. 3d at 1109.  Put another way,

22   "[p]rejudice is shown when 'there is a reasonable probability' that the result of a

1    petitioner's sentencing would have been different without the error to which the

2    petitioner failed to object." *Gilbert*, 2016 WL 3443898, at *3 (quoting *Strickler v.*

3    *Greene*, 527 U.S. 263, 289 (1999)); *see also Murray*, 477 U.S. at 493-94 (The level of

4    prejudice required to overcome procedural default is "significantly greater than that

5    necessary under the more vague inquiry suggested by the words 'plain error.'").

6         Mr. Carpio has overcome the procedural default in this case. Mr. Carpio argues

7    that he could not have reasonably challenged the Guidelines' residual clause as

8    unconstitutional at the time of his sentencing. (Reply at 32-33.) Prior to Mr. Carpio's

9    sentencing, the Supreme Court had upheld the ACCA residual clause against multiple

10    vagueness challenges. *See James v. United States*, 550 U.S. 192 (2007) (upholding

11    ACCA's residual clause on constitutional vagueness challenge); *Sykes v. United States*,

12    564 U.S. 1 (2011) (same); *see also Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings

13    in *James* and *Sykes* are overruled."). The Government's argument that "[t]he rule

14    announced in *Johnson* . . . has been forecast since Justice Scalia raised this possibility in

15    the first case rebuffing a vagueness challenge to ACCA's residual clause" (Answer at 12)

16    does not change the fact that at the time of Mr. Carpio's sentencing the Supreme Court

17    had twice rejected a constitutional challenge to the residual clause. The law does not

18    require Mr. Carpio to raise futile arguments at his sentencing to be entitled to relief from

19    an unconstitutional sentence. *See English v. United States*, 42 F.3d 473, 479 (9th Cir.

20    1994). The court concludes that this argument—that the Guidelines' residual clause was

21    unconstitutionally vague—was not reasonably available to Mr. Carpio when the court

22    sentenced him.

1    Further, for the reasons discussed above, the sentencing error affected the outcome

2    of Mr. Carpio's sentence.  The determination that Mr. Carpio's prior conviction for Rape

3    by Drugs was a crime of violence impacted Mr. Carpio's sentence—it constituted one of

4    the two prior crimes of violence upon which the court enhanced his sentence.  *See supra*

5    § III.C.1.  Accordingly, Mr. Carpio has demonstrated cause and prejudice, and procedural

6    default does not bar his claim.

7    **E.    Collateral Review Waiver**

8    At Mr. Carpio's sentencing, the Government represented to the court that the plea

9    agreement did not contain a collateral review waiver, when in fact the agreement did.

10   (*See* Pet. at 38 (Sentencing Tr. at 20:2-3).)  However, the Government concedes that the

11   collateral review waiver is void because of the Government's representation at

12   sentencing.[14]  (Answer at 7-8.)  The court therefore concludes that Mr. Carpio has not

13   waived his right to seek collateral review.

14   **IV.    CONCLUSION**

15   Based on the foregoing, the court GRANTS Mr. Carpio's motion to vacate,

16   correct, or set aside his sentence (Dkt. # 1) pursuant to 28 U.S.C. § 2255.  The court

17   VACATES and SETS ASIDE the sentence in No. CR11-00405MJP (W.D. Wash.).  The

18   court will resentence Mr. Carpio, permit him to submit objections to his Presentence

19   Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both Mr.

20   _____

21   [14] A collateral review waiver will also be invalid where a court imposes an "illegal
     sentence" that "violates the Constitution."  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.

22   2007).  Given the parties' agreement, the court does not address this ground for invaliding a
     collateral review waiver.

1  Carpio and the Government to argue for an appropriate and lawful sentence.  The parties

2  shall contact the court's Courtroom Deputy to provide their recommendations and

3  availability for an appropriate sentencing date for the court's consideration.  The court

4  further DIRECTS the Clerk of Court to forward a copy of this order to Mr. Carpio and all

5  counsel of record.

6         Dated this 28th day of October, 2016.

7

8

9  JAMES L. ROBART

10  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 22